IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-3797 |
| | * | Criminal No. JFM-08-036 |
| | * | |
| SHAKOOR STEVENSON | * | |
| | ****** | |

**MEMORANDUM**

Shakoor Stevenson has filed a motion under 28 U.S.C. § 2255.  The Government has filed a response.  Stevenson has not filed a reply.

The petition will be denied.  The reasons for the denial can be set forth summarily.

1. **Claim of prosecutorial vindictiveness**.

The record belies any claim of prosecutorial vindictiveness in several respects.  First, the superseding indictment and the criminal information filed after the original indictment contain charges that stemmed from events that occurred on a date different from the charges in the original indictment.  Second, there is no evidence in the record that the Government filed the new charges because of a successful appeal by Stevenson on a different charge.  *See United States v. Wilson*, 262 F.3d 306, 314 (4th Cir. 2001).  Third, the lack of any vindictiveness is established by the fact that the Government permitted defendant to plead guilty to the charge contained in the criminal information (which exposed him to less time than the charge contained in the superseding indictment.  Moreover, the record reveals that Stevenson was permitted to appeal (unsuccessfully) the sentence imposed by this court.

2.  **Claim of violation of speedy trial rights**.

Likewise, there was no violation of Stevenson's speedy trial rights. Although there was a two-year delay between the time that Stevenson was arraigned on the original indictment and the return of the superseding indictment, this delay was explained entirely by the fact that plea negotiations were underway pursuant to which Stevenson was attempting to obtain as favorable a disposition as possible. Furthermore, Stevenson suffered no prejudice because he received concurrent sentences on the charges to which he pled guilty and these charges stemmed from separate incidents. Thus, even if the original indictment had been dismissed on speedy trial grounds, Stevenson could have been prosecuted on the charge to which he pled guilty made in the criminal information. Accordingly, it is clear that he suffered no prejudice. *See generally Barker v. Wingo*, 407 U.S. 514 (1972).[1]

Date:   April 10, 2013          /s/
                                J. Frederick Motz
                                United States District Judge

---

[1] To the extent that Stevenson claims that his counsel was ineffective in not raising any speedy trial issue, the facts that Stevenson's counsel successfully negotiated a plea under which Stevenson received concurrent sentences and that, as explained in the text, no speedy trial issue was presented, demonstrate that his counsel clearly was not ineffective.